# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**ROBERT ELLIS, JR.**                                                                                    **PLAINTIFF**

**v.**                                                                                    **No. 1:07CV124-D-A**

**COLUMBUS POLICE DEPARTMENT, ET AL.**                                             **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Robert Ellis, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On May 3, 2006, police officer Ryan Woods activated his blue lights and pulled over the plaintiff on 14th Street N. in Columbus, Mississippi. Woods told the plaintiff to "get out of the car, get your hands up, turn around, and step away from the vehicle." Someone then tazered the plaintiff in the back. He fell to his knees, and two officers cuffed the plaintiff's hands behind his back. An officer said, "He has something in his mouth." Then, in an attempt to retrieve what the plaintiff held in his mouth, Officer Beard held the plaintiff's nose, and Officer Woods held the plaintiff's throat. Someone tazered the plaintiff again during this time, and one of the officers yelled, "Holster your tazer now!" The other officer replied, "I didn't hear you." The plaintiff began shaking, then passed out.

**Discussion**

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). An example of *de minimis* injury is a sore bruised ear sustained in an inmate's altercation with prison guards. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). In this case, the plaintiff alleges that police officers used a tazer to subdue him, then covered his nose and grabbed his throat in an effort to retrieve something from his mouth. The plaintiff claims that the officers' actions caused him to pass out, but he has not alleged that he suffered more than *de minimis* physical injury during the encounter. Indeed, the plaintiff has alleged no physical injury at all. As such, the instant case must be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of June, 2007.

/s/ Glen H. Davidson
SENIOR JUDGE